
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:21-cr-75 |
| v. | ) | Judge: Varlan/Guyton |
| JAMES B. TAIT | ) | |

## INFORMATION

The United States Attorney for the Eastern District of Tennessee charges:

### COUNT ONE
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 371)

From on or about December 7, 2015 through on or about April 12, 2018, in the Eastern District of Tennessee, the defendant JAMES B. TAIT did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with one or more other persons to commit an offense against the United States; that is, wire fraud in violation of 18 U.S.C. § 1343.

### OBJECTS OF THE CONSPIRACY

1.  The object of the conspiracy was to obtain money for the defendant and his co-conspirator by defrauding the defendant's employer into paying a third-party vendor for services never rendered to the defendant's employer.

### MANNER AND MEANS

It was part of the conspiracy that the defendant JAMES B. TAIT, together with Co-Conspirator #1, formulated a plan and agreement that, among other things, included the following:

2. The defendant JAMES B. TAIT used his position as the Senior Vice President of Human Resources at Employer #1 to provide Co-Conspirator #1, and Co-Conspirator #1's company Outsourcing Partners, Inc. ("OPI"), with the names of Employer #1's recently terminated employees.

3. The defendant JAMES B. TAIT led his supervisors at Employer #1 to believe, falsely, that OPI would then provide career transition and outplacement services to these recently terminated Employer #1 employees.

4. The defendant JAMES B. TAIT, together with Co-Conspirator #1 and OPI, would then create fraudulent invoices purporting to show that OPI had in fact provided career transition and outplacement services to recently terminated Employer #1 employees.

5. During the conspiracy, the defendant JAMES B. TAIT and his co-conspirator Co-Conspirator #1 caused Employer #1 to pay OPI not less than approximately $294,200 for career transition and outplacement services for not less than approximately 64 persons that the defendant JAMES B. TAIT knew OPI had not in fact provided.

6. Co-Conspirator #1 and OPI then paid the defendant JAMES B. TAIT approximately 50% of the proceeds fraudulently obtained from Employer #1 as part of the conspiracy.

7. During the conspiracy, Employer #1 had procedures in place designed in part to deter and detect fraudulent schemes and conflicts of interest like those described herein. Among other things, Employer #1 required employees (including the defendant JAMES B. TAIT) to identify financial relationships they had with third-party vendors or to certify that they had none. Beginning in the third quarter of 2015 and each quarter through the first quarter of 2018, the defendant JAMES B. TAIT, in furtherance of the conspiracy, falsely certified that he had no

2
Case 3:21-cr-00075-TAV-HBG   Document 1   Filed 06/16/21   Page 2 of 3   PageID #: 2

financial relationships with any of Employer #1's third-party vendors.

## OVERT ACTS

In furtherance of the conspiracy and to effect its unlawful objects, the following overt acts, among others, were committed by the defendant JAMES B. TAIT, in the Eastern District of Tennessee and elsewhere:

8. The defendant JAMES B. TAIT made material false and fraudulent certifications to Employer #1 by email on October 30, 2015, January 6, 2016, April 25, 2016, July 20, 2016, October 26, 2016, January 27, 2017, April 6, 2017, July 13, 2017, October 16, 2017, January 5, 2018, and April 9, 2018 that he had no financial relationships with any of Employer #1's third-party vendors.

9. In making each of these certifications in furtherance of the conspiracy, the defendant JAMES B. TAIT also caused a wire transmission to be sent in interstate commerce. All in violation of 18 U.S.C. § 371.

\* \* \* \* \*

Approved:

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

By: *[signature]*
Timothy C. Harker
Assistant United States Attorney